**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DA'SHAWNIA WILLIS, AND ALL OTHERS SIMILARLY SITUATED,**<br><br>***Plaintiff***,<br><br>**v.**<br><br>**NEW DAY PERSONAL CARE SERVICES, INC.**<br><br>***Defendant***. | **Civil Action No.**<br><br>**DISTRICT JUDGE:**<br>**Hon.**<br><br>**MAGISTRATE JUDGE:**<br>**Hon.** |

**COLLECTIVE ACTION COMPLAINT**

## I. Nature of This Lawsuit

1. Plaintiff Da'Shawnia Willis bring this lawsuit to recover unpaid overtime wages and other damages from New Day Personal Care, under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## II. Background

2. New Day Personal Care Services, Inc. is a company incorporated in Louisiana that provides in-home caregivers across Louisiana.

3. New Day employs home caregivers to go to customers' homes and care for New Day's customers.

4. The caregivers principally provide care and instrumental activities of daily living, not companionship services, for their clients.

5. Despite employing these caregivers, New Day classifies them as independent contractors, and New Day does not pay its employees overtime.

6. New Day sets its caregivers' hours, including those of Ms. Willis.

7. New Day tells its caregivers, including Ms. Willis, which houses to go to. The only choice New Day caregivers have is which territory to work.

8. New Day provides instruction and training to its caregivers, including Ms. Willis.

9. New Day pays its caregivers a day rate, so they do not have the opportunity for profit or loss.

10. New Day maintains workers' compensation insurance covering its caregivers.

11. New Day maintains its caregivers as employees for years at a time. Ms. Willis, for instance, has worked for New Day for over two years.

12. New Day has not paid for FICA withholding for its employees.

13. New Day has not paid for unemployment for its employees.

14. New Day holds out to the world that its caregivers are employees, advertising in response to the question (asked to itself) "What is the hiring process for caregivers at New Day Personal Care Services" that "Each potential caregiver goes through an extensive criminal and background screening process as well as an in-depth interview and orientation process. Once hired, our caregivers take part in annual training to maintain and enhance their skills."

15. In explaining that its employees provide *care*, not *companionship*, New Day accurately reflects what its caregivers do and have done.

16. Da'Shawnia Willis began at New Day in the spring of 2023. She has worked for New Day consistently, on a fixed schedule, and she continues to work for New Day, providing care services.

17. Ms. Willis, and others similarly situated, have regularly worked in excess of forty hours in a week. They have not been paid overtime because New Day has a policy of misclassifying employees like Ms. Willis as independent contractors.

18. Ms. Willis and others similarly situated have provided care, not companionship services, for those clients of New Day and of the caregivers.

19. New Day classified Ms. Willis and all its traveling home-care providers as similarly situated and exempt from federal and state overtime laws, and New Day has not paid them overtime.

20. New Day has misclassified Ms. Willis and others similarly situated as exempt from state and federal overtime laws. New Day has maintained that misclassification for the duration of Ms. Willis' employment.

21. The work performed by Ms. Willis and others similarly situated is non-exempt work.

22. Ms. Willis brings this action on behalf of herself and other similarly situated home caregivers who were misclassified as 1099 contractors and not W-2 employees, who have not had FICA withholding, who have been deprived of unemployment insurance, and who, due to New Day's misclassification scheme, were not paid overtime for time they worked in excess of 40 hours in individual workweeks, in violation of the FLSA.

## III. Jurisdiction and Venue

23. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law. *See* U.S.C. § 216(b).

24. Venue is proper in this district under 28 U.S.C. § 1391 because New Day is headquartered in this district, New Day undertook the conduct complained-of in this district, and because the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## IV. The Parties

25. Ms. Willis has worked for New Day for over two years, and she still works for New Day. For that entire time, she has been classified and paid as a 1099 independent contractor and not an employee.

26. During her employment, Ms. Willis has been an employee of New Day, as defined by the FLSA in 29 U.S.C. § 203(e).

27. During her employment, New Day has been Ms. Willis' employer as defined under the FLSA in § 203(d).

28. New Day is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

29. New Day is an enterprise engaged in commerce or in the production of goods for commerce, as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

30. New Day has more than $500,000 in sales made or business done in each of the last three calendar years.

## V. Factual Allegations

31. For more than the past two years, Ms. Willis has worked for New Day as a home caregiver, traveling on a fixed schedule to homes selected by New Day to provide home care.

32. During her employment, Ms. Willis' job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

33. Ms. Willis regularly works and has worked over forty hours per week, and New Day caused Ms. Willis to work over 40 hours in one or more individual workweeks in excess of the last two years.

34. Ms. Willis has been classified by New Day as exempt under the FLSA on the basis that she was and is an independent contractor, and on the basis that she provides companionship, not care.

35. Ms. Willaims was and has been deprived of FICA withholding, unemployment insurance, and overtime, as well as all the benefits entitled to employees.

36. Ms. Willis is neither an exempt employee nor an independent contractor.

37. When Ms. Willis worked over 40 hours in any individual workweek, she was not paid overtime.

## VI. Collective Action Allegations

38. Plaintiff brings this FLSA claim as a collective action.

39. The collective action is defined as follows:

> All home caregivers for the past three years whom New Day Personal Care Services, Inc. classified as independent contractors. ("Collective Action Members").

40. Ms. Willis is similarly situated to the potential Collective Action Members because she and they were paid in the same manner and performed the same primary job duties.

41. In the last three years, New Day has employed individuals who performed the same primary duties as the Plaintiff.

42. Of New Day's employees who performed the same primary job duties as Ms. Willis in the last three years, New Day classified some or all as exempt from the overtime provisions of the FLSA and paid them a day rate, mis-classifying them as independent contractors.

43. Of employees classified as independent contractors and who performed the same primary duties as Ms. Willis in the last three years, some or all worked over 40 hours in individual workweeks and are entitled to overtime and should have had FICA withholding and unemployment insurance.

44. New Day maintained one or more common job descriptions for its employees providing home health services.

45. New Day has the names and addresses, email addresses, and phone numbers for potential Collective Action Members in its payroll or personnel records.

46. New Day is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime and classified them as employees, not independent contractors.

**VII. New Day's violation of the FLSA is willful and longstanding**

47. In 1974, Congress amended the FLSA, broadening it, but exempted "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary [of Labor])." 29 U.S.C. § 213(a)(15).

48. The Department of Labor passed implementing regulations in 1975, and under those regulations, employees who provide companionship services, but not care services, are exempt from overtime rules under the FLSA.

49. In 2013, the Department of Labor changed course, reversing those regulations in significant part.

50. Under both the old regulations and the new regulations, Ms. Willis and others similarly situated were and are caregivers, not givers of companionship, and entitled to overtime.

51. To the extent Ms. Willis and others similarly situated provide companionship services, those are not the bulk of the work they provide, and they are and have been entitled to overtime under the FLSA.

52. Even if they were exempt under the FLSA, which they are not and never have been, Ms. Willis and others similarly situated are and have been miscategorized as 1099 independent contractors.

53. Rather than paying overtime to its employees, New Day filed suit in an effort to enjoin the 2013 department of labor rule.

54. In 2025, the Department of Labor has changed course again, issuing a notice of proposed rulemaking that would undo the 2013 regulations and reinstate the 1975 regulations.

55. The Department of Labor has stopped its proposed enforcement against New Day.

56. From 1974 until present, employees like those employed by New Day have been owed overtime. The proposed rule, if it goes into effect as written, will not change that. New Day employees are entitled to overtime.

57. Nothing in the proposed rule is retrospective, and from the 2013 regulations until that new rule is in place, New Day has had no colorable argument to suggest it has not not owed overtime to its employees from 2013 through the promulgation of a final rule.

58. Despite that, New Day has failed to pay overtime to its employees.

59. If the proposed rule does go into effect, Ms. Willis and others similarly situated will still be owed overtime because they are caregivers, not companionship-givers, under the FLSA and its implementing regulations.

60. New Day's flaunting of the regulations is willful and ongoing.

## VIII. <u>COUNT I</u>
## Failure to Pay Overtime
## (Collective Action)

61. Ms. Willis incorporates here the previous allegations of this Complaint.

62. New Day violated the FLSA by categorizing Ms. Willis and the Collective Action Members as independent contractors and failing to give them the benefits they are entitled to as employees, including overtime, FICA withholding, and unemployment insurance.

63. The Collective Action Members were not exempt from the overtime provisions of the FLSA.

64. The Collective Action Members, and Ms. Willis, were caused to work, and did work, over 40 hours in one or more individual workweeks.

65. New Day paid Ms. Willis and the Collective Action Members a day rate and no overtime compensation, nor any of the other benefits of employment.

66. New Day violated the FLSA by failing to pay overtime, payroll taxes, FICA withholding, and contribute to unemployment insurance with regard to Ms. Willis and the Collective Action Members, and failure to pay one-and-a-half times her and their regular rate of pay when they worked in excess of forty hours in a week.

67. New Day's violations of the FLSA were willful.

68. As a result, New Day is indebted to Ms. Willis and the Collective Action Members in the amount of unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## IX. Prayer

**WHEREFORE**, Plaintiff, on behalf of herself and the Collective Action Members, seeks the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice to the Collective Action Members. Such notice shall inform the Collective Action Members that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime wages pursuant to the FLSA;

C. Liquidated damages in additional amount equal to the unpaid overtime wages;

D. Pre-judgment and post-judgment interest as provided by law;

E. Attorneys' fees and costs of the action;

F. Such other and further relief this Court shall deem just and proper; and,

G. That judgment be entered in favor of Ms. Willis and the Collective Action Members for the amount of their damages, plus interest, prejudgment interest, costs and reasonable attorneys' fees.

**DATED**: September 25, 2025

Respectfully submitted:

**BOHMAN | MORSE, LLC**

/s/Harry Morse
HARRY E. MORSE (#31515)
MARTIN S. BOHMAN (#22005)
400 POYDRAS STREET, SUITE 2050
NEW ORLEANS, LA 70130
TELEPHONE: (504) 930-4009
FAX: (888) 217-2744
E-MAIL: HARRY@BOHMANMORSE.COM
E-MAIL: MARTIN@BOHMANMORSE.COM

*Attorneys for Patrick Breaux*

Cayce C. Peterson (La. Bar No. 32217)
Jeffrey P. Green (La. Bar No. 30531)
**JJC Law LLC**
111 Veterans Memorial Blvd.
Heritage Plaza, Suite 810
Metairie, LA 70005
Phone: 504-513-8820
Fax: 504-513-8824
cayce@jjclaw.com
jeff@jjclaw.com